NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY J. LUTSKY,<br><br>                      Plaintiff,<br><br>v.<br><br>MONOMOUTH MARINE ENGINES, INC.<br>and BRUNSWICK CORPORATION,<br><br>                      Defendants. | Civil Action No. 12-cv-07554<br>(SDW)(MCA)<br><br><br>OPINION<br><br><br>May 22, 2013 |

**WIGENTON**, District Judge.

Before this Court is Defendant Mercury Marine's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before this Court is Defendant Monmouth Marine Engines, Inc.'s motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **GRANTS** Mercury Marine's motion and **DENIES** Monmouth Marine Engines, Inc.'s motion **in part and GRANTS it in part**.

**I.   BACKGROUND**

This case involves a dispute between Plaintiff Gary J. Lutsky ("Plaintiff"), Mercury Marine[1],

and Monmouth Marine Engines, Inc. ("MM Engines"). Plaintiff purchased a marine engine for his boat from Mercury Marine. After some time, the engine failed to perform properly. Plaintiff sought to exercise his right to have the engine repaired pursuant to a one year warranty provided

---

[1] Mercury Marine argues that Plaintiff improperly brought suit against Brunswick Corporation

by Mercury Marine. Mercury Marine outsourced its repair services to MM Engines. While Plaintiff's vessel was being serviced by MM Engines, an immense storm occurred during which Plaintiff's vessel became damaged. Plaintiff now brings suit against Mercury Marine and MM Engines for damage to the vessel.

## II. FACTS

Plaintiff Gary J. Lutsky is the owner of a twenty four foot recreational vessel named Tail Dancer and its trailer. (*See* V. Compl. ¶ 5.) The Tail Dancer is a twenty-four foot Albemarle Cuddy Express. (*See id.* ¶ 11.) On or about June 30, 2011, Plaintiff Gary J. Lutsky purchased a marine engine manufactured by Mercury Marine. (*See id.*) The marine engine included a one year warranty that covered defects in the engine. (*See id.*) Plaintiff took possession of the marine engine in July 2011, and the engine was installed in the Tail Dancer by March 2012. (*See id.*) "The marine engine failed to perform in accordance with normal operating expectations and was substandard or defective" causing Plaintiff to seek remedy from Mercury Marine pursuant to the one year warranty before it expired. (*See id.* ¶ 12.) On August 20, 2012, after multiple efforts by MM Engines to trouble-shoot the marine engine, and MM Engines' failure to identify and correct the problem at the vessel's dockside, Plaintiff delivered the marine engine to MM Engines' facility in Neptune, New Jersey. (*See id.* ¶ 13.) Mercury Marine complied with its one year warranty by delivering a new reconditioned marine engine to MM Engines to be installed in the Tail Dancer some time in September 2012. (*See id.* ¶ 14.) "MM Engines contacted Plaintiff to confirm that [Mercury Marine] had authorized [twelve] hours of warranty repair/installation", but informed Plaintiff that the installation would actually require fourteen hours of labor. (*Id.* ¶ 15.) Plaintiff agreed to pay MM Engines for the extra two hours of labor to forego any delay in commencing the installation. (*See id.*) MM Engines commenced the installation of the new

marine engine, but had to halt operations for various reasons.  (*See id.*¶ 16.)  MM Engines later informed Plaintiff that the installation was scheduled to resume on October 23, 2012, and that Plaintiff would be notified when installation was complete.  (*See id.* ¶ 17.)

On October 29, 2012, Superstorm Sandy hit New Jersey. (*See id.* ¶ 18.)  On or about November 12, 2012, Plaintiff contacted MM Engines "who advised that Plaintiff's [] vessel was located about '1 ½ miles' away, but was recovered and returned to [MM Engines'] facility[] where [] Plaintiff's trailer had remained." (*Id.*)  On November 14, 2012, Plaintiff went to MM Engines' facility in Neptune, New Jersey and was able to view the Tail Dancer and noticed that it was damaged and "had been sunk." (*Id.* ¶ 19.)  Plaintiff also noticed that "[a]ll equipment and electronics aboard the [Tail Dancer] . . . were either missing, damaged or in an otherwise unsound condition[,] different from when the vessel was [given to MM Engines]." (*Id.*)  Plaintiff further noticed that the replacement marine engine was aboard the vessel, but was unsecured, which Plaintiff took to mean that installation never took place.  (*See id.* ¶ 20.)  Additionally, the "vessel's outdrive with two stainless steel propellers were missing[,] which had been reported by [] MM ENGINES to have been placed on a pallet inside its Neptune, New Jersey [facility] while [installation was taking place]." (*Id.*)

Based on the facts alleged in the complaint, Plaintiff brings claims, against both Defendants jointly and severally, for:  (1) "breach of contract and/or warranty, including the warranty of workman-like performance," (2) negligence, and (3) conversion.  Plaintiff also alleges that he "sustained damages by having advanced paid marina slip fees for [the Tail Dancer for] the 2012 season which has, in part, went unused due to the events described [in the complaint]." (*Id.* ¶ 21.)

3

## III. LEGAL STANDARD

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see Phillips v. Cnty of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief.") (internal citation omitted). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citation omitted). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "[show] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

As a general rule, a district court deciding a motion to dismiss may consider only the contents of the pleadings. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (internal citation omitted). However, there exists an exception to that general rule in that "'[d]ocuments that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim.'" *Cooper v. Samsung Elec. Am., Inc.,* 374 F. App'x 250, 253 n.3 (3d Cir. Mar. 30, 2010) (quoting *Pryor*, 288 F.3d at 560).

## IV. DISCUSSION

### a. *Mercury Marine*

Mercury Marine contends that none of Plaintiff's claims against Mercury Marine are plausible as Plaintiff fails to allege that Mercury Marine was involved or had any control over the repair/installation process of the new marine engine. Mercury Marine contends that the "only claim remotely applicable" to it is Plaintiff's breach of warranty claim.

Before delving into the sufficiency of Plaintiff's factual allegations, it is important to note that Plaintiff makes it clear in his opposition brief that he is suing Mercury Marine solely on the basis of vicarious liability for MM Engines' conduct.

In order for one party to be able to be held vicariously liable for another party's conduct, a plaintiff must allege the presence of an agency relationship between the defendants. The Restatement defines the "elements of agency" as "posit[ing] a consensual relationship in which one person, to one degree or another or respect or another, acts as a representative of or otherwise acts on behalf of another person with power to affect the legal rights and duties of the other person." The Restatement (Third) of Agency § 1.01 cmt. c (2006). The complaint is devoid of any facts that permit this Court to construe Plaintiff's allegations as asserting an agency relationship between Defendants. Consequently, Plaintiff's reliance on an agency relationship between MM Engines and Mercury Marine for its claims against Mercury Marine is misplaced. Accordingly, the claims in Plaintiff's complaint are inapplicable to Mercury Marine.

      b. *MM Engines*

MM Engines seeks to dismiss Plaintiff's complaint on two bases. First, MM Engines argues that Plaintiff cannot sufficiently plead any of his claims because the damages sustained by Plaintiff were a result of an act of God. Second, MM Engines argues that Plaintiff's damages are not attributable to it pursuant to exculpatory provisions in the Service Agreement between Plaintiff and MM Engines.

Plaintiff argues that MM Engines' motion should be denied as it was filed after MM Engines had already filed an answer. Indeed, once a defendant files an answer, he may no longer move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); however, a defendant may still move for judgment on the pleadings pursuant to rule 12(c).[2] *See* F.R.C.P.

---

[2] In response to Plaintiff's argument, MM Engines seeks to convert its 12(b)(6) motion to a motion for summary judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56. MM Engines seeks to convert its motion on the basis that it relies on matters outside of the pleadings. (*See* MM Engines' Reply Br. 2.) However, rule 12(d) requires a conversion of a 12(b)(6) motion only when matters outside the complaint are <u>both</u> presented to and relied on by the court. *See* F.R.C.P. 12(d). Since this Court does not rely on the matters outside the pleadings that have been presented by MM Engines, MM Engines' 12(b)(6) motion will not be converted to a summary judgment motion.

12(b)(6), (c). Here, MM Engines' labeling of its motion is of no consequence as the standard for both motions is the same. *See Spruill v. Gillis*, 372 F.3d 218, 223 n. 2 (3d Cir. 2004). Plaintiff's claims will be analyzed individually.

In order to state a claim for breach of contract, "Plaintiff must [allege] that [1] the parties entered into a contract that contained certain terms; [2] the promisee satisfied the terms of the contract; [3] the promisor failed to satisfy at least one term of the contract; and [4] the breach caused the promisee to suffer a loss." *Cargill Global Trading v. Applied Dev. Co.*, 706 F.Supp.2d 563, 579 (D.N.J. 2010). Here, this Court finds that the complaint provides sufficient information about the parties' relationship to permit an inference: (1) that there was an agreement between the parties, (2) that Plaintiff allegedly performed according to the parties' agreement, (3) that MM Engines allegedly did not perform according to the parties' agreement, and (4) as a result Plaintiff suffered a loss. In sum, the complaint allows for an inference that Plaintiff is entitled to relief for its breach of contract claim.

In order to state a claim for negligence, Plaintiff must allege "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." *Brunson v. Affinity Federal Credit Union*, 199 N.J. 381, 400 (2009)(internal citations and quotations omitted). Here, Plaintiff alleges facts sufficient enough to permit an inference that: (1) MM Engines owed Plaintiff a duty of care in providing services concerning the installation of Plaintiff's new marine engine, (2) MM Engines breached that duty given its alleged failure to resume installation of the marine engine after Superstorm Sandy and to properly secure the vessel during the storm, (3) it was foreseeable that failure to properly secure the vessel would result in its being damaged, and (4) Plaintiff suffered actual damages resulting from MM Engines' conduct. Therefore, Plaintiff's alleged facts demonstrate a plausible entitlement to relief.

In order to state a claim for conversion, a plaintiff must allege "(1) the defendant wrongfully exercised dominion or control over the property of another; (2) the property was taken without authorization; and (3) the property was taken to the exclusion of the owner's rights to it." *Jurista v. Amerinox Processing, Inc.*, CIV.No. 12-3825 (NLH/JS), 2013 WL 1405903, at * 23 (D.N.J. Apr. 5, 2013)(citing *78th Infantry Div., World War II Living History Ass'n v. Oprendek*, CIV.A. No. 11-165, 2011 U.S. Dist. LEXIS 140014, at *15–16 (D.N.J. Aug. 4, 2011). Here, Plaintiff alleges facts that permit for an inference that the first element is satisfied, but not the second and third. According to the complaint, Plaintiff's vessel was not taken without authorization, but instead was given to MM Engines for the purpose of being repaired. Similarly, given the agreement between Plaintiff and MM Engines, the complaint does not allow for an inference that Plaintiff's vessel was taken to the exclusion of his right to it. Therefore, Plaintiff's claim for convers ion cannot stand.

## V. CONCLUSION

For the reasons set forth above, Defendant Mercury Marine's motion to dismiss is **GRANTED** and Defendant MM Engines' motion to dismiss is **GRANTED in part and DENIED in part.**

s/Susan D. Wigenton, U.S.D.J


Orig:  Clerk
Cc:    Madeline Cox Arleo, U.S.M.J.
       Parties