# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY J. LUTSKY, | |
| Plaintiff, | |
| v. | Civil Action No. 12-7554 (SDW)(MCA) |
| MONMOUTH MARINE ENGINES, INC., BRUNSWICK CORPORATION | OPINION |
| Defendants. | |

**ARLEO, Magistrate Judge.**

**THIS MATTER** comes before the Court by way of motion of Plaintiff Gary J. Lutsky's ("Plaintiff" or "Lutsky") for Leave to Amend its Verified Complaint. (Dkt. No. 34). Defendant Mercury Marine, an unincorporated division of Brunswick Corporation ("Mercury"), joined by Defendant Monmouth Marine Engines, Inc. ("MM Engines"), oppose the motion. (Dkt. Nos. 35, 36). The Court has considered Plaintiff's Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' written submissions, for good cause shown, and for the reasons set forth herein, the Court **GRANTS** Plaintiff's Motion to Amend.

I.  BACKGROUND

On December 10, 2012, Plaintiff filed a Complaint against Mercury and MM Engines. (Dkt. No. 1). Plaintiff alleged that on or about June 30, 2011, he purchased a marine engine manufactured by Mercury, which was subsequently installed in his 24' Albemarle Cuddy Express vessel named "Tiny Dancer." Plaintiff further alleged that the vessel did not perform as expected. Plaintiff brought the vessel to MM Engines to conduct repairs, but MM Engines could not identify any problem with the engine. Because the engine was covered by Mercury's one-

1

year limited warranty, Mercury provided warranty protection to Plaintiff and delivered a new reconditioned marine engine to MM Engines, an authorized dealer and repair services, to be installed in Tail Dancer sometime in September 2012. MM Engines subsequently contacted Plaintiff to confirm that Mercury had authorized to pay for twelve hours of warranty repair and installation, but that the installation would actually require fourteen hours of labor. Plaintiff agreed to pay MM Engines for the extra two hours of labor. MM Engines began the installation but had to halt the operations for various reasons. MM Engines informed Plaintiff that the installation was scheduled to resume on October 23, 2012. On October 29, 2012, Superstorm Sandy hit New Jersey and destroyed the vessel and its equipment, including the replacement marine engine which MM Engines had not yet installed into Plaintiff's boat.

Based on these facts, Plaintiff brought claims against both Mercury and MM Engines, jointly and severally, for breach of contract and/or warranty, negligence, and conversion. On March 5, 2013, Mercury moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 11). On May 22, 2013, the Court granted Mercury's Motion to Dismiss. (Dkt. Nos. 27, 28). In so doing, the Court stated that "[t]he complaint is devoid of any facts that permit this Court to construe Plaintiff's allegations as asserting an agency relationship between Defendants. Consequently, Plaintiff's reliance on an agency relationship between MM Engines and Mercury Marine for its claims against Mercury Marine is misplaced. Accordingly, the claims in Plaintiff's complaint are inapplicable to Mercury Marine." (Dkt. No. 27, at 6).

On December 20, 2013, Plaintiff filed the instant motion for leave to amend, seeking to add Mercury back into the action as a party. (Dkt. No. 34).

2

## II. DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. "The court shall freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A general presumption exists in favor of allowing a party to amend its pleadings. Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The Third Circuit has adopted a liberal approach in applying Rule 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990). Leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. See Foman, 371 U.S. at 182; Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Defendants contend that Plaintiff's motion for leave to amend should be denied because (1) the proposed amendment is futile; (2) the proposed amendment is unduly delayed; and (3) allowing the proposed amendment is extremely prejudicial to Mercury.

### A. Futility

An amendment to a complaint is considered futile if it would not survive a motion to dismiss under Rule 12(b)(6). Johnson v. Samuels, No. 06-2233, 2007 WL 1575076, *3 (D.N.J. May 30, 2007). In determining the futility of an amendment, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co., 380 F. Supp. 2d 457, 462 (D.N.J. 2005) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d. Cir. 1997)). "The Court must accept as true all factual allegations contained in the proposed amended complaint and any reasonable inferences

that can be drawn from them." Curbison v. Lee, No. 05-5280 (JBS), 2007 U.S. Dist. LEXIS 55873, at *6-7 (D.N.J. July 31, 2007) (citing Brown v. Phillip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001)). A motion to dismiss may be granted, or in this case a proposed amendment deemed futile, "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown, 250 F.3d at 796 (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); TBI Unlimited, LLC v. Clearcut Lawn Decisions, LLC, No. 12-3355, 2013 U.S. Dist. LEXIS 41206, 11-12 (D.N.J. Mar. 25, 2013) (Kugler, J.) (citing Garczynski v. Countrywide Home Loans, Inc., 656 F. Supp. 2d 505, 512-13 (E.D. Pa. 2009) (holding that under Iqbal, a plaintiff's conclusory allegations of agency were insufficient to establish actual or apparent authority); Politi v. Peoples Mortg. Corp., No. 10-04194, 2011 U.S. Dist. LEXIS 14744, 2011 WL 666086 at *6 (D.N.J. Feb. 14, 2011); Payan v. GreenPoint Mortg. Funding, Inc., No. 08-6390, 2010 U.S. Dist. LEXIS 133680 (D.N.J. Dec. 17, 2010) (denying claim based on agency relationship because the plaintiff failed to allege facts sufficient to establish agency under New Jersey law).

Defendants contend that Plaintiff's amendment is futile because the proposed amendments are incapable of withstanding another Rule 12(b)(6) motion. Defendants allege that, even in his proposed Amended Complaint, Plaintiff fails to plead sufficient facts that

4

support an agency relationship between Mercury and MM Engines. Here, in the proposed Amended Complaint, Plaintiff now alleges an agency relationship between Mercury and MM Engines. Specifically, Plaintiff alleges, inter alia, the following facts:

  a) Mercury "enters into agreements with certain repair services and/or dealers who are authorized to undertake warranty work on its behalf" (Dkt. No. 34-3, Proposed Amended Complaint, at ¶ 7);

  b) MM Engines is "an authorized warranty repair services and/or dealer for certain vessel and/or marine engine manufacturers, including but not limited to, Mercury" (Id., at ¶ 6);

  c) Mercury "provided warranty protection to Plaintiff purchaser for the defective marine engine that ultimately resulted in the delivery of a new reconditioned marine engine to" MM Engines for Plaintiff's vessel (Id., at ¶ 14);

  d) The installation work was to be performed by MM Engines under warranty pursuant to agreement with and authorization from Mercury (Id.);

  e) Mercury had "authorized 12 hours of warranty repair/installation of the new delivered replacement marine engine" by MM Engines, an approved repair service for Mercury (Id., at ¶ 15);

  f) Pursuant to its agreement with Mercury for authorized warranty repair, MM Engines commenced the replacement of the defective engine under warranty but the replacement was not timely undertaken nor the installation completed and was beset with delays, which resulted in the vessel being damages during Superstorm Sandy (Id., at ¶¶ 16-17);

  g) Mercury "was the principal" and MM Engines was authorized by Mercury "to perform the warranted marine repair . . . and would be paid directly by" Mercury and "said actions were undertaken by MM Engines as an agent, servant or otherwise at the direction or control" of Mercury to fulfill its warranty obligations to Plaintiff (Id., at ¶ 35)

  h) Count one against Mercury is for a breach of contract for failure to have the authorized work owed to Plaintiff carried out by its agent MM Engines as Mercury's authorized marine repair service to fulfill it warranty obligations to Plaintiff (Id., at ¶¶ 35, 36);

  i) Count two against Mercury is for negligence for breaching its duty of care in ensuring its agent MM Engines as Mercury's authorized marine repair service to properly fulfill its warranty obligations to Plaintiff to have the repair/replacement

5

undertaken without damage or loss while in the care and custody of its agent (Id., at ¶¶ 39, 40).

For a party to be held vicariously liable for another party's conduct, a plaintiff must allege the presence of an agency relationship between the defendants. "'An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent.'" AT&T Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1434 (3d Cir. 1994) (quoting Sears Mortg. Corp. v. Rose, 134 N.J. 326 (1993)). Vicarious liability due to an agency relationship can be based on the agent's actual authority. Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 120 (3d Cir. 2013). "An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." Id. (quoting Restatement (Third) of Agency § 2.01 (2006)). Vicarious liability can also be based on apparent authority. Id. "'Apparent authority arises in those situations where the principal causes persons with whom the agent deals to reasonably believe that the agent has authority' despite the absence of an actual agency relationship." Id. (quoting Winback, 42 F.3d at 1439 (internal citation omitted)).

This Court finds that the proposed Amended Complaint adequately pleads sufficient facts to support an agency relationship. Plaintiff's proposed Amended Complaint alleges, inter alia, that Mercury "enters into agreements with certain repair services and/or dealers who are authorized to undertake warranty work on its behalf" and that MM Engines is an authorized warranty repair service and/or dealer for Mercury. (Dkt. 34-3, Proposed Amended Complaint, ¶¶ 6-7). In this case, Mercury delivered a new reconditioned engine to MM Engines for MM Engines to install in Plaintiff's vessel pursuant to Mercury's warranty. (Id., at ¶ 14). Plaintiff

6

alleges that MM Engines was to perform the installation work pursuant to an agreement with and authorization from Mercury, who authorized twelve hours of warranty repair and installation by MM Engines. (Id., at ¶¶ 14-15). Plaintiff alleges that Mercury is liable for breach of contract for failing to have authorized warranty work carried out by its agent MM Engines, and that Mercury was negligent for breaching its duty of care in ensuring its agent MM Engines properly fulfilled it warranty obligations. (Id., at ¶¶ 35, 36, 39, 40). The facts set forth in the proposed Amended Complaint are sufficiently pled to support an agency relationship between Mercury and MM Engines. Accordingly, this Court finds that amendment would not be futile.

### B. Undue Delay

With respect to the issue of undue delay, the Third Circuit explained that:

> [t]he passage of time, without more, does not require that a motion to amend a [pleading] be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party. The question of undue delay, as well as the question of bad faith, requires that we focus on the [movant's] motives for not amending [its pleading] to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the [opposing party].

Adams, 739 F.2d at 868; see also Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co., 259 F.R.D. 95 (D.N.J. 2009).

Defendants contend that Plaintiff's delay is undue because he waited seven months to seek to amend his claims against Mercury following their dismissal. Defendants argue that Plaintiff could have introduced the allegations in the motion to amend earlier, and could have even included them in the original complaint. Plaintiff, however, contends that it did not seek to amend earlier because it was attempting to negotiate a settlement with MM Engines during this time. Plaintiff also argues that it followed this Court's briefing schedule and did not violate any

7

scheduling orders. Based on these arguments and because this case is in its infancy, the Court finds that the proposed amendment will not place an undue burden on the Court.

### C. Undue Prejudice

The issue of undue prejudice requires that the Court focus on the hardship to the Defendants if the amendment were permitted. Adams, 739 F.2d at 868. Prejudice involves the serious impairment of the defendant's ability to present its case. Dole v. Arco Chem. Co., 921 F.2d 484, 488 (3d Cir. 1990). In order to establish undue prejudice, the burden is on the non-moving party who must make a showing that permitting the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004).

Defendant contends that Mercury was previously dismissed with prejudice, and that it relied on that Order to close its file and cease performing any investigation into the matter or defending against Plaintiff's claims. Plaintiff, however, contends that Mercury was dismissed without prejudice, and that Mercury would not be prejudiced by permitting amendment. According to Plaintiff, the proceeding are in its early stages with no answer filed by this Defendant, no exchange of Rule 26 disclosures, no discovery between the parties, no scheduling order in place, and no arbitration or trial date scheduled. This Court agrees with Plaintiff and finds that Mercury would not be unduly prejudiced by permitting amendment.

### III. CONCLUSION

For the foregoing reasons, having considered the parties' written submissions, this Court hereby **GRANTS** Plaintiff's Motion to Amend its Verified Complaint.

Dated: February 10, 2014

MADELINE COX ARLEO
UNITED STATES MAGISTRATE JUDGE

CC: Clerk
Hon. Susan D. Wigenton, U.S.D.J.
All Parties